IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| JAMES HINKS, | * |
| Plaintiff, | * |
| | * |
| v. | CIVIL NO.: WDQ-09-1672 |
| | * |
| BOARD OF EDUCATION OF HARFORD COUNTY and NATHANIEL AKI *in his individual and official capacities*, | * |
| | * |
| Defendants. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

James Hinks sued the Board of Education of Harford County ("the Board") and Nathaniel Aki for discrimination in violation of § 504 of the Rehabilitation Act and the U.S. Constitution, and for intentional infliction of emotional distress. For the following reasons, the Defendants' motion to dismiss will be granted in part and denied in part, and Hinks's motion to file a surreply will be granted.

I. Background

From June 2007 to January 2008, Hinks worked for the Board as a custodian at Patterson Mill Middle and High School in Harford County, Maryland on a "probationary" basis. Amend.

Compl. ¶¶ 3, 6.[1] The Board terminated him on the day the probationary period expired. *Id*.

Hinks suffers from a "mental deficiency and disability," for which he was "criticized, humiliated, embarrassed and . . . mock[ed]" by his supervisor, Nathaniel Aki, the Building Engineer at Patterson. *Id*. ¶¶ 6, 8. For example, on November 1, 2007, Aki lured Hinks outside the school building and locked the doors. *Id*. ¶ 8. Aki then prompted other school employees to throw water balloons at Hinks from the roof of the school. *Id*.

Aki also "took advantage" of Hinks's disability. *Id*. In July 2007, Aki directed Hinks to carry "heavy books up two flights of stairs" in 100 degree heat. *Id*. Hinks was hospitalized as a result. *Id*.

Hinks and three other custodians complained to their union representative about Aki's behavior. *Id*. The representative instructed them to discuss their complaints with the school principal. *Id*. On November 7, 2007, Hinks and the others met with the principal, who assured them he would address the

---

[1] For the Defendants' motion to dismiss, the well-pled allegations in Hinks's Amended Complaint are accepted as true. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

problem with Aki. *Id*. Later that day, Aki "bullied and picked on" Hinks for complaining to the principal. *Id*.

Hinks again approached the union about Aki's behavior and was told to contact Jeff Fradel, the Senior Manager of Staff Relations for the Board. *Id*. At a November 29, 2007 meeting, Fradel told Hinks that Aki's behavior would not be tolerated, and promised to speak with the school administration about Hinks's complaints. *Id*. Aki's bullying continued. *Id*. On December 19, 2007, Aki told Hinks to report to work at 1:00 p.m--two hours later than the rest of the custodial staff--so that Hinks would not be able to attend an administration holiday party. *Id*.

On January 2, 2008, Hinks was terminated. *Id*. He had not missed a day of work or received a poor evaluation when he was employed by the Board. *Id*. ¶ 6. On June 25, 2009, Hinks filed this complaint. Paper No. 1. He amended his complaint on September 25, 2009. Paper No. 4. On December 1, 2009, the Defendants moved to dismiss. Paper No. 15. On March 1, 2010, Hinks moved to file a surreply.

II. Analysis

A. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted.

Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To present a facially plausible complaint, a plaintiff must do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts as pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" the plaintiff is entitled to relief. *Id*. at 1950 (*citing* Fed. R. Civ. P. 8(a)(2)). "Whe[n] the well-pleaded facts do not permit the

4

court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief." *Id.* (internal quotation marks omitted).

The Court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are mere[] conclus[ions], unwarranted deductions of fact, or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).

B. Rehabilitation Act Claims

    1. Claims Against the Board

Count One of the Amended Complaint pleads claims against the Board under § 504 of the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, for wrongful termination, hostile work environment, and retaliation.[2] To establish wrongful termination, Hinks must show

---

[2] Under § 504, "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794(a) (2006). Hinks alleges that the Board receives federal financial assistance. Amend. Compl. § 19. State agencies that knowingly and willingly accept federal funding waive their Eleventh Amendment immunity to claims for

that he (1) is disabled within the meaning of the Americans with Disabilities Act ("ADA")[3]; (2) is otherwise qualified for his job; and (3) was terminated solely because of his disability. *See Edmonson v. Potter*, 118 Fed. Appx. 726, 728 (4th Cir. 2004)(*citing Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 197 (4th Cir. 1997)). For hostile work environment, Hinks must show that (1) he is disabled within the meaning of the ADA, (2) he was subject to unwelcome harassment, (3) the harassment was based on his disability, (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of

---

damages under § 504. *Spenser v. Earley*, 278 Fed. Appx. 254, 259 (4th Cir. 2008) (*citing Constantine v. Rectors and Visitors of George Mason Univ.*, 411 F.3d 474, 495-96 (4th Cir. 2005)).

Section 504 incorporates certain provisions of the Americans with Disabilities Act ("ADA"), relating to employment discrimination. *See id*. § 794(d) ("The standards used to determine whether [§ 504] has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990 . . . and the provisions of sections 501 through 504, and 510, of Americans with Disabilities Act of 1990 . . . , as such sections relate to employment."). The incorporated provisions include the ADA's anti-retaliation provision, 42 U.S.C. § 12203. Under that provision, "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act." *Id*.

[3] "The ADA and Rehabilitation Act generally are construed to impose the same requirements." *Baird v. Rose*, 192 F.3d 462, 468 (4th Cir. 1999). "Because the language of the Acts is substantially the same, [the Court] applies the same analysis to both." *Id*.

employment, and (5) there is a factual basis for imputing liability to his employer. *See id.* (*citing Fox v. GMC*, 247 F.3d 169, 177 (4th Cir. 2001)).

The Board argues that Hinks's wrongful termination and hostile work environment claims fail because he has not pled facts showing that he is disabled within the meaning of the ADA.[4] To show a disability, Hinks must allege: "(A) a physical or mental impairment that substantially limits one or more of the major life activities . . . (B) a record of such impairment; or (C) [that he is] regarded as having such an impairment." 42 U.S.C. § 12102 (2006); *Rohan v. Networks Presentations LLC*, 375 F.3d 266, 273 (4th Cir. 2004). The sole allegation in the complaint regarding Hinks's disability states that he suffers from an unspecified "mental deficiency and disability." Compl. ¶ 6. This is insufficient to establish disability because there are no allegations that this impairment substantially limits a major life activity or that Hinks has a record of--or was regarded as having--such an impairment.[5] Accordingly, the

---

[4] The Board raised this argument for the first time in its Reply. Thus, Hinks's motion to file a surreply to address this argument will be granted.

[5] *See Rohan*, 375 F.3d at 278 ("Because [the Plaintiff] has failed to demonstrate that she is substantially limited in a major life activity, or that [the Defendant] regarded her as substantially limited, [the Plaintiff] is not within the ADA's protected class . . . [and] cannot state a claim under the ADA.").

Board's motion to dismiss Hinks's wrongful termination and hostile work environment claims will be granted.

The Board did not address Hinks's retaliation claim. A retaliation claim does not require an allegation of disability; Hinks needs only to allege that (1) he engaged in a protected activity under the Rehabilitation Act, (2) the Board took an adverse employment action against him, and (3) there is a causal connection between the protected activity and the adverse action. *Webster v. Henderson*, 32 Fed. Appx. 36, 44 (4th Cir. 2002) (*citing Carter v. Ball*, 33 F.3d 450, 460 (4th Cir. 1994)). Because there has been no briefing on Hinks's retaliation claim against the Board, the Court will not dismiss it. *See Blue Bird LLC v. Simpson*, 2010 U.S. Dist. LEXIS 16166, at *6 (D. Md. Feb. 23, 2010) (declining to address sufficiency of complaint without briefing). Accordingly, the Board's motion to dismiss the retaliation claim will be denied.

### 2. Claims Against Aki

Hinks also claims that Aki is individually liable under the Rehabilitation Act. Although Hinks concedes that there can be no individual liability for wrongful termination or hostile work environment, he argues that Aki can be liable for retaliation. Hinks notes that under the ADA's anti-retaliation provision-- which the Rehabilitation Act incorporates by reference--"[n]o

8

*person* shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act[.]" 42 U.S.C. § 12203 (2006) (emphasis added). He contends that because the statute refers to "person[s]," and not merely employers, it permits suits against individuals. The Fourth Circuit has held that, notwithstanding this language, the provision does not permit suits against individuals. *See Baird v. Rose*, 192 F.3d 462, 471 (4th Cir. 1999).[6] Accordingly, Hinks's Rehabilitation Act claims against Aki will be dismissed.

C. Section 1983 Claims

  1. Claims Against the Board

Count Two of the Amended Complaint pleads a claim against the Board under 42 U.S.C. § 1983.[7] The Board argues that the

---

[6] Although *Baird* was an ADA case, the Fourth Circuit cited approvingly the Sixth Circuit's decision in *Hiler v. Brown*, 177 F.3d 542, 545-46 (6th Cir. 1999), which held that the Rehabilitation Act does not permit retaliation suits against individuals. *See Baird*, 192 F.3d at 471.

[7] Under § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such

claim must be dismissed because, as a state agency,[8] it is not a "person" under § 1983 and thus not amenable to suit. In *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Because the Board is a state agency, it cannot be sued under § 1983.[9] Accordingly, Hinks's § 1983 claim against the Board will be dismissed.

2. Claims Against Aki

Hinks also pled a § 1983 claim against Aki in his official and individual capacities. An official capacity suit is merely

---

officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

[8] *See Bd. of Educ. of Baltimore County v. Zimmer-Rubert*, 409 Md. 200, 973 A.2d 233. ("[The Maryland Court of Appeals] ha[s] long considered county school boards to be State agencies rather than independent, local bodies.")

[9] *See, e.g.*, *Hanifee v. Bd. of Educ. of Kent County*, 2010 U.S. Dist. LEXIS 16203 (D. Md. Feb. 24, 2010) (dismissing § 1983 claims against school board); *Ekweani v. Bd. of Educ. of Howard County*, 2008 U.S. Dist. LEXIS 106670 (D. Md. Dec. 31, 2008) (same).

Hinks contends that because Maryland has waived sovereign immunity for actions against county school boards up to $100,000, *see* Md. Code Ann., Cts. & Jud. Proc. § 5-518, his § 1983 claim may proceed. This argument is unavailing because "[a]ny waiver of immunity does not affect the Supreme Court's holding in *Will* that states and their [agencies] are not persons under § 1983." *Ekweani*, 2008 U.S. Dist. LEXIS 106670, at *9 n.5; *see also Hanifee*, 2010 U.S. Dist. LEXIS 16203, at *15.

"another way of pleading an action against an entity of which an officer is an agent."  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  Hinks's official capacity suit against Aki is essentially a claim against the Board.  *See Hanifee*, 2010 U.S. Dist. LEXIS 16203, at *17 n.3.  Because the Board cannot be sued under § 1983, the official capacity claim against Aki must be dismissed.

Aki may be sued in his individual capacity for actions taken under color of law that cause the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  Aki argues that the individual capacity claim must also be dismissed because he is entitled to "qualified immunity" from suit.  Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The Court must determine "whether the plaintiff has alleged the deprivation of an actual . . . right at all, and if so . . . whether that right was clearly established at the time of the alleged violation."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).

Aki argues that Hinks has not pled facts sufficient to establish the deprivation of a constitutional right.[10] Hinks does not dispute this,[11] but argues that the determination of qualified immunity is inappropriate on a 12(b)(6) motion.

The Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Moxley v. Town of Walkersville*, 601 F. Supp. 2d 648, 664 (D. Md. 2009) (*citing Hunter v. Bryant*,

---

[10] In addition to asserting that his Amended Complaint alleges a constitutional rights violation, Hinks also appears to argue that Aki is liable under § 1983 because he violated the "Civil Rights Act and [the] Rehabilitation Act." Opp. 9. This argument appears to be based on § 1983's authorization of suit for a "deprivation of any rights, privileges, or immunities secured by the Constitution *and laws*." 42 U.S.C. § 1983 (2006) (emphasis added); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (Government officials are immune from suit under § 1983 "insofar as their conduct does not violate clearly established *statutory* or constitutional rights of which a reasonable person would have known." (emphasis added)).

As noted above, Hinks has failed to state a claim against Aki under the Rehabilitation Act; thus, he has not shown that Aki deprived him of rights under that statute. Hinks asserts that the Amended Complaint alleges a violation of the "Civil Rights Act." It is unclear which "civil rights act" Hinks believes Aki has violated. The Amended Complaint does not allege such a violation; nor does Hinks refer to this allegation elsewhere. This lone allegation is insufficient to support his § 1983 claim.

[11] Although Hinks contends that the Amended Complaint sufficiently alleges a § 1983 claim based on the "depriv[ation] of his right to work in a welcoming environment," Opp. 8, he does not appear to argue that this is a deprivation of a constitutional right. He has not cited--and the Court has not found--authority that would support such a contention.

457 U.S. 800, 818 (1982)).  Although qualified immunity is an affirmative defense, "the plaintiff bears the burden of proof on the first question--*i.e.*, whether a constitutional violation occurred." *Henry v. Purcell*, 501 F.3d 374, 377 (4th Cir. 2007). Thus, if the complaint fails to adequately allege the deprivation of a constitutional right, it must be dismissed. *See, e.g.*, *Francis v. Giacomelli*, 588 F.3d 186, 194 (4th Cir. 2009) (affirming 12(b)(6) dismissal based on qualified immunity).  Because Hinks has not pled facts showing that Aki deprived him of a constitutional right, his § 1983 claim must be dismissed.

   D.  Intentional Infliction of Emotional Distress

Count Three pleads an intentional infliction of emotional distress ("IIED") claim against the defendants.  For IIED, Hinks must show: the defendants' conduct was (1) intentional or reckless, (2) and extreme and outrageous, (3) a causal connection between the wrongful conduct and the emotional distress, and (4) severe emotional distress.  *Manikhi v. Mass Transit Admin.*, 360 Md. 333, 758 A.2d 95, 113 (Md. 2000); *Harris v. Jones*, 281 Md. 560, 380 A.2d 611, 614 (Md. 1977).  Each element "must be satisfied completely before a cause of action will lie."  *Hamilton v. Ford Motor Credit Co.*, 66 Md. App. 46, 502 A.2d 1057, 1063 (Md. Ct. Spec. App. 1986).  "IIED claims are

rarely viable in a case brought under Maryland law." *Takacs v. Fiore*, 473 F. Supp. 2d 647, 652 (D. Md. 2007)(internal quotation marks omitted).

The Defendants contend, *inter alia*, that Hinks has failed to plead facts showing that he suffered severe emotional distress. Severe distress is that which "no reasonable man could be expected to endure." *Harris*, 380 A.2d at 616 (internal quotation omitted). Hinks allege that he suffered stress that was "severely disabling" and "disrupted [his] ability to function on a daily basis." *Bryant v. Better Bus. Bureau of Greater Maryland, Inc.*, 923 F. Supp. 720, 750 (D. Md. 1996). The sole allegation about Hinks's emotional distress is merely that the "Defendants' misconduct has proximately caused the Plaintiff to suffer extreme emotional distress and physical manifestations thereof." Amend. Compl. ¶ 16. This allegation is insufficient to state an IIED claim. Accordingly, the Defendants' motion to dismiss Count Three will be granted.

III. Conclusion

For the reasons stated above, the Defendants' motion to dismiss will be granted in part and denied in part, and Hinks's motion to file a surreply will be granted.

April 20, 2010 _____/s/_____
Date William D. Quarles, Jr.
United States District Judge